1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TOBBUSHA DURANT PRATT,

          Plaintiff,

   v.

HERLINDA YANDEZ, et al.,

          Defendants.

_____/

Case No. 1:21-cv-01608-JLT-SKO

**FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE**

**21-DAY DEADLINE**

     Plaintiff Tobbusha Durant Pratt, a prisoner proceeding *pro se*, filed a complaint on November 4, 2021, along with a "Fee Waiver Request." (Docs. 1, 2.)  On November 8, 2021, the Court advised Plaintiff that the "Fee Waiver Request" does not comply with the specific informational requirements for affidavits submitted pursuant to 28 U.S.C. § 1915(a)(1) and directed Plaintiff to either pay the $402 filing fee or file an application to proceed in forma pauperis ("IFP") by no later than thirty days from the date of service of the Court's order.  (Doc. 3.)  On December 22, 2021, after Plaintiff failed to timely pay the filing fee or file an IFP application, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to comply with the Court's November 8, 2021 order and for his failure to prosecute this action.  (Doc. 4.)

     When served at Plaintiff's address of record, the December 22, 2021 order to show cause

1  was returned as undeliverable on January 4, 2022.  (*See* Docket.)

2      Local Rule 183(b) provides that:

3  A party appearing in propria persona shall keep the Court and opposing parties
   advised as to his or her current address.  If mail directed to a plaintiff in propria
4  persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails
   to notify the Court and opposing parties within sixty-three (63) days thereafter of a
5  current address, the Court may dismiss the action without prejudice for failure to
   prosecute.
6

7  E.D. Cal. L.R. 183(b).

8      The Local Rules also provide that"[f]ailure of counsel or of a party to comply with . . . any

9  order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within

10 the inherent power of the Court." E.D. Cal. L.R.110.  "District courts have inherent power to control

11 their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.

12 *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

13 dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply

14 with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal

15 for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833

16 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v.*

17 *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with

18 local rules).

19     Although more than 63 days have passed since the U.S. Postal Service returned the Court's

20 December 22, 2021 order to show cause, Plaintiff has failed to notify the Court of his current

21 address.  Apparently, Plaintiff has abandoned this action.  Whether he has done so intentionally or

22 mistakenly is inconsequential.  It is Plaintiff's responsibility to comply with the Court's orders and

23 Local Rules.  The Court declines to expend its limited resources on a case that Plaintiff has chosen

24 to ignore.

25     Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice

26 for Plaintiff's failure to prosecute.

27     These Findings and Recommendation will be submitted to the United States District Judge

28 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-**

**one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2022**                          /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE